UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                              Bankruptcy No. 09-31218
                                                                                                    Chapter 13
Robert E. Moe,

                Debtor.
_____/

**MEMORANDUM AND ORDER**

This matter is before the Court on an amended motion to dismiss Debtor Robert E. Moe's Chapter 13 petition, filed by creditors Johnson Farms and Johnson Potato Company, Inc. (collectively "Johnson") on February 17, 2010. Debtor filed a response on March 10, 2010, resisting the motion. The matter was heard on April 8, 2010.

Debtor and Johnson were involved in prebankruptcy litigation in state court. Debtor filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on October 16, 2009. The state court case had not proceeded to trial as of Debtor's bankruptcy filing.

Debtor filed bankruptcy schedules on November 16, 2009. On Schedule F, Debtor listed unsecured nonpriority debts totaling $245,887.63. He listed the amount of Johnson's claim as $0.00 and characterized it as disputed, contingent, and unliquidated.

At the hearing on the motion to dismiss, the Court admitted into evidence the complaints and answers filed in separate state court cases against Debtor by Johnson Farms and Johnson Potato Company, Inc. The complaint in the Johnson Potato Company case included several attachments. Among the attachments were six invoices from Johnson Potato Company to Debtor's business, Valley View Farms. These invoices were from April and May 2003 and referenced seed potatoes Johnson Potato Company provided to Valley View Farms. Each

invoice states, "TOTAL AMOUNT DUE" followed by a dollar figure. The invoices total $225,850.22, and were signed by Al Johnson. Debtor admitted in his answer in the Johnson Potato Company case that he contracted with Johnson Potato Company to provide him seed potatoes, that the potatoes were provided to him, and that he did not pay for the potatoes referenced in the invoices.

Also attached to the Johnson Potato Company complaint was a check from Johnson Potato Company to Valley View Farms for $24,149.78, dated June 13, 2003. The complaint alleges that the check represented a loan to Debtor which brought the total amount owed by Debtor to Johnson Potato Company to $250,000. In his answer, Debtor asserted that the funds he received were from Bert Johnson, an individual with an ownership interest in Johnson Potato Company.

Attached to the Johnson Farms complaint was a check from Johnson Farms to Debtor in the amount of $203,570.00, dated April 26, 2007. Johnson Farms alleged this check was a loan requested by Debtor to enable him to plant a 2007 spring crop with the hope that the proceeds of the crop could be used to repay his debt for the seed potatoes and the loan from 2003. In Debtor's answer, he asserted that the money he received was not a loan but rather was intended and used to pay off an operating loan for the 2006 crop year for which Bert Johnson was a guarantor.

Johnson Potato Company filed a proof of claim in Debtor's bankruptcy case in the amount of $344,770.78. Attached to the proof of claim are the seed potato invoices and the $24,149.78 check that were attached to Johnson Potato Company's state court complaint. Johnson Farms also filed a proof of claim in the amount of $231,884.82. The $203,570.00 check

2

that was attached to Johnson Farms's state court complaint is attached to the proof of claim. The amounts of the proofs of claim appear to correspond to the amounts sought by the separate state court complaints including interest.

As of the date of the hearing, Debtor had not filed objections to Johnson's proofs of claim. See 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.") Debtor did, however, file objections to Johnson's proofs of claim on April 20, 2010. The objections are scheduled for hearing on June 1, 2010.

In its motion to dismiss, Johnson argues that the total amount of Debtor's unsecured debt, which includes Johnson's two claims against Debtor, makes him ineligible for Chapter 13 relief pursuant to 11 U.S.C. § 109(e).

Section 109 of the Bankruptcy Code defines who may be a debtor under the various chapters of the Code. 11 U.S.C. § 109. Subsection (e) provides that an individual qualifies to be a debtor under Chapter 13 only if the individual has regular income and owes less than $336,900 of noncontingent, liquidated, unsecured debts on the date of filing. 11 U.S.C. § 109(e).

Johnson asserts that the debts owed to it by Debtor are noncontingent and liquidated.[1] Although the terms "contingent" and "liquidated" are not statutorily defined, case law has developed an established definition of each term. Barcal v. Laughlin, (In re Barcal), 213 B.R.

---

[1] Johnson also argues that although Debtor characterizes the debts owed to Johnson as disputed on Schedule F, those debts should nonetheless be included in the calculation of total general unsecured debt. Debtor did not offer either written or oral resistence to this claim, and the Court agrees with Johnson that obligations that a debtor merely disputes should not be excluded from the computation of debts for Chapter 13 eligibility. See Barcal v. Laughlin, (In re Barcal), 213 B.R. 1008, 1012 (B.A.P. 8th Cir. 1997).

3

1008, 1013 (B.A.P. 8th Cir. 1997).  A debt is not contingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition.  Id.  In other words, a contingent debt is one in which the obligation to pay does not arise until the occurrence of a triggering event or occurrence reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.  Id.

Debtor did not proffer an argument to bolster his claim on Schedule F that the debts to Johnson are contingent upon any triggering event.  Johnson's claims appear to involve multiple transactions that occurred over a period of years, but all of the transactions occurred prior to the date of Debtor's bankruptcy petition.  Johnson's claims therefore are not contingent.

Next, bankruptcy courts have consistently held that a debt is liquidated if it is "readily calculable" or "readily determinable."  Id.  The Eighth Circuit Bankruptcy Appellate Panel (BAP) stated in In re Barcal:

> We hold that the key factor in distinguishing liquidated from unliquidated claim is **not** the extent of the dispute nor the amount of evidence required to establish the claim, but **whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard.**  This definition is in accord with the early distinction between contract and tort claims addressed in In re Sylvester, 19 B.R. 671 (9th Cir. BAP 1982).  There, the court contrasted the unliquidated nature of tort claims with the liquidated nature of contract claims and held that a disputed contract liability was liquidated even though adjudication of the debt required submission of evidence at trial.  While tort claims were not fixed as to liability or amount until a juridical award, the court stated that contract claims were subject to " . . . ready determination and precision in computation of the amount due . . . . [and] the amount due [was] capable of ascertainment by reference to an agreement or by simple computation."  Id. at 673.

In re Barcal, 213 B.R. at 1014.

Debtor argues the debt in this case is readily calculable only if Johnson is in fact the proper party who is owed the money, but that factual disputes exist as to this issue.  Debtor

4

argues he did not have a contract with Johnson, and his only dealings were with Bert Johnson personally.  In the answer filed in the Johnson Farms state court case, Debtor asserted that the money he received was not a loan but was rather intended and used to pay off an operating loan for the 2006 crop year for which Bert Johnson was a guarantor.

Debtor, however, admitted in his answer in the Johnson Potato Company case that he contracted with Johnson Potato Company to provide him seed potatoes, that the potatoes were provided to him, and that he did not pay for the potatoes referenced in the invoices.  Each invoice states, "TOTAL AMOUNT DUE" followed by a dollar figure, and the Court is persuaded that the amount owed to Johnson Potato Company for the seed potatoes is readily calculable.  The invoices total $225,850.22, and this amount, plus interest, is noncontingent and liquidated.

Debtor listed $245,887.63 of unsecured nonpriority debts listed in Schedule F.  When the debt based on the seed potato invoices is added to the listed debts in Schedule F, Debtor is ineligible for Chapter 13 relief because his debts exceed the $336,900 statutory limit for noncontingent, liquidated, unsecured debts under section 109(e).  Having reached the statutory threshold, the Court need not discuss the remainder of Johnson Potato Company's claim – the $24,149.78 check – or the claim of Johnson Farms.  See In re Barcal, 213 B.R. at 1015 (in determining Chapter 13 eligibility, a bankruptcy court is not obligated to fully determine the amount of claims).

Based on the foregoing, Debtor is ineligible for relief under Chapter 13 of the Bankruptcy Code pursuant to 11 U.S.C. § 109(e).  Accordingly, the amended motion to dismiss

Debtor Robert E. Moe's Chapter 13 case, filed by creditors Johnson Farms and Johnson Potato Company, Inc., is GRANTED. The confirmation of Debtor's Chapter 13 Plan is rendered moot.

**SO ORDERED.**

Dated this May 11, 2010.

**WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT**